# EXHIBIT "A"

FILED
05-21-2024
Barron County, WI
Sharon Millermon
2024CV000150
Honorable J. M. Bitney
Branch 2

| STATE OF WISCONSIN | CIRCUIT COURT | BARRON |
|---|---|---|

Michael Ermilio vs. Ascend Loans, LLC et al

**Electronic Filing Notice**

Case No. 2024CV000150
Class Code: Money Judgment

ASCEND LOANS, LLC
635 EAST HIGHWAY 20
UPPER LAKE CA 95485

Case number 2024CV000150 was electronically filed with/converted by the Barron County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 20ccb5**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 715-537-6265.

Barron County Circuit Court
Date: May 22, 2024

§801.18(5)(d), Wisconsin Statutes

This form shall not be modified. It may be supplemented with additional material.

FILED
05-21-2024
Barron County, WI
Sharon Millermon
2024CV000150
Honorable J. M. Bitney
Branch 2

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **BARRON**

Michael Ermilio vs. Ascend Loans, LLC et al     **Electronic Filing Notice**

Case No. 2024CV000150
Class Code: Money Judgment

AANIIIH NAKODA FINANCE, LLC, D/B/A BRIGHT LENDING
PO BOX 578
HAYS MT 59527

Case number 2024CV000150 was electronically filed with/converted by the Barron County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 20ccb5**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 715-537-6265.

Barron County Circuit Court
Date: May 22, 2024

FILED
05-21-2024
Barron County, WI
Sharon Millermon
2024CV000150
Honorable J. M. Bitney
Branch 2

**STATE OF WISCONSIN**             **CIRCUIT COURT**             **BARRON**

Michael Ermilio vs. Ascend Loans, LLC et al             **Electronic Filing Notice**

Case No. 2024CV000150
Class Code: Money Judgment

BIG PICTURE LOANS, LLC
PO BOX 704
E23970 POW WOW TRAIL
WATERSMEET MI 49969

Case number 2024CV000150 was electronically filed with/converted by the Barron County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 20ccb5**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 715-537-6265.

Barron County Circuit Court
Date: May 22, 2024

FILED
05-21-2024
Barron County, WI
Sharon Millermon
2024CV000150
Honorable J. M. Bitney
Branch 2

| STATE OF WISCONSIN | CIRCUIT COURT | BARRON |
|---|---|---|

Michael Ermilio vs. Ascend Loans, LLC et al

**Electronic Filing Notice**

Case No. 2024CV000150
Class Code: Money Judgment

BENHTI ECONOMIC DEVELOPMENT CORPORATION, D/B/A MIN...
PO BOX 58112
MINTO AK 99758

Case number 2024CV000150 was electronically filed with/converted by the Barron County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 20ccb5**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 715-537-6265.

Barron County Circuit Court
Date: May 22, 2024

GF-180(CCAP), 11/2020 Electronic Filing Notice

**This form shall not be modified. It may be supplemented with additional material.**

§801.18(5)(d), Wisconsin Statutes

FILED
05-21-2024
Barron County, WI
Sharon Millermon
2024CV000150
Honorable J. M. Bitney
Branch 2

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **BARRON**

Michael Ermilio vs. Ascend Loans, LLC et al     **Electronic Filing Notice**

Case No. 2024CV000150
Class Code: Money Judgment

ROSEBUD LENDING, D/B/A ZOCAL LOANS
PO BOX 1147
27565 RESEARCH PARK DRIVE
MISSION SD 57555

Case number 2024CV000150 was electronically filed with/converted by the Barron County Circuit Court office. The electronic filing system is designed to allow for fast, reliable exchange of documents in court cases.

Parties who register as electronic parties can file, receive and view documents online through the court electronic filing website. A document filed electronically has the same legal effect as a document filed by traditional means. Electronic parties are responsible for serving non-electronic parties by traditional means.

You may also register as an electronic party by following the instructions found at **http://efiling.wicourts.gov/** and may withdraw as an electronic party at any time. There is a fee to register as an electronic party. This fee may be waived if you file a Petition for Waiver of Fees and Costs Affidavit of Indigency (CV-410A) and the court finds you are indigent under §814.29, Wisconsin Statutes.

If you are not represented by an attorney and would like to register an electronic party, you will need to enter the following code on the eFiling website while opting in as an electronic party.

**Pro Se opt-in code: 20ccb5**

Unless you register as an electronic party, you will be served with traditional paper documents by other parties and by the court. You must file and serve traditional paper documents.

Registration is available to attorneys, self-represented individuals, and filing agents who are authorized under Wis. Stat. 799.06(2). A user must register as an individual, not as a law firm, agency, corporation, or other group. Non-attorney individuals representing the interests of a business, such as garnishees, must file by traditional means or through an attorney or filing agent. More information about who may participate in electronic filing is found on the court website.

If you have questions regarding this notice, please contact the Clerk of Circuit Court at 715-537-6265.

Barron County Circuit Court
Date: May 22, 2024

**STATE OF WISCONSIN, CIRCUIT COURT, BARRON** _____ **COUNTY**

**FILED**
**05-21-2024**
**Barron County, WI**
**Sharon Millermon**
**2024CV000150**
**Honorable J. M. Bitney**
**Branch 2**

MICHAEL ERMILIO _____

-vs-

Aaniiih Nakoda Fin., LLC, et. al. _____

☐ Amended

**Petition for Waiver of Fees and Costs
Affidavit of Indigency**

Case No. 2024-CV-_____

**UNDER OATH, I STATE THAT** because of poverty, I am unable to pay ☒ any filing and service fees, including the electronic filing fee, or ☐ _____, in this action, proceeding, or appeal, or to give security for those fees, and request waiver of those fees. I am attaching a copy of my pleading in this matter.

> ***Complete Section 1 if you receive aid from any of the programs listed.***
> ***If you do not receive aid, complete Section 2 only.***

**Section 1.**

☒ I currently receive
☐ Supplemental security income.        ☐ Relief funded under §59.53(21), Wis. Stats.        ☐ Medical assistance.
☐ Food stamps/FoodShare.        ☐ Relief funded under public assistance.
☐ Benefits for veterans under §45.40 (1m) or 38 USC 501-562.
☐ Legal representation from a civil legal services program or a volunteer attorney program based on indigency.
  Name of program: _____
☒ Other means-tested public assistance: FOOD SHARE BENEFITS - SEE ATTACHED EXHIBIT A _____

My financial situation ☐ has ☒ has not    changed since I became eligible for this program.
*If you checked the "has" box, and such changes would make you ineligible for the program(s) if you applied today, you must complete Section 2.*

**Section 2.**

1.  I ☐ am ☐ am not    married.

2.  I ☐ am ☐ am not    employed. Name of employer: _____

3.  I earn [Gross pay] $ _____ ☐ weekly. ☐ every 2 weeks. ☐ twice monthly. ☐ monthly.
    My take-home pay [after taxes and deductions] is $ _____ per pay period.

4.  I receive gross monthly income totaling the amount of $ _____ from
    ☐ Pension ☐ Social security ☐ Unemployment compensation
    ☐ Disability ☐ Student loans/grants ☐ Other: _____

5.  I have the following cash assets:
    ☐ Savings accounts:    $ _____    ☐ Cash:    $ _____
    ☐ Checking accounts:    $ _____    ☐ Money owed me:    $ _____

6.  I have the following other assets:
    ☐ Vehicle-Yr./Make: _____    $ _____    ☐ Household furnishings:    $ _____
    ☐ Vehicle-Yr./Make: _____    $ _____    ☐ Equity in real estate:    $ _____
    ☐ Other individual assets valued over $200 each: _____    $ _____

7.  My household consists of myself and _____ others:
    Full name: _____ Relationship to me: _____ Under age 18 ☐ Yes ☐ No
    Full name: _____ Relationship to me: _____ Under age 18 ☐ Yes ☐ No
    Full name: _____ Relationship to me: _____ Under age 18 ☐ Yes ☐ No
    Full name: _____ Relationship to me: _____ Under age 18 ☐ Yes ☐ No
    Full name: _____ Relationship to me: _____ Under age 18 ☐ Yes ☐ No

8.  The other members of my household have gross monthly income totaling the amount of $ _____ from

CV-410A, 05/20 Petition for Waiver of Fees and Costs – Affidavit of Indigency                §§757.675(3), 757.69(2m), and 814.29, Wisconsin Statutes
**This form shall not be modified. It may be supplemented with additional material.**
Page 1 of 2

| Wages | Social security | Relief funded under public assistance | Food stamps/FoodShare |
|---|---|---|---|
| Pension | Student loans/grants | Unemployment compensation | Supplemental security income |
| Disability | Relief funded under §59.53(21), Wisconsin Statutes | | Support/maintenance |
| Other: _____ | | | |

9. I have the following debts:

| | | Amount: | Monthly Payment: |
|---|---|---|---|
| a. | Mortgage/Rent | $ _____ | $ _____ |
| b. | Auto loan | $ _____ | $ _____ |
| c. | Credit cards | $ _____ | $ _____ |
| d. | Other: _____ | $ _____ | $ _____ |
| e. | _____ | $ _____ | $ _____ |

10. I have the following unusual expenses, other than ordinary living expenses:

_____

_____

State of Wisconsin

County of St. Croix

Subscribed and sworn to before me on 4/24/2024

_____
Notary Public/Court Official

Amanda Mansku
Name Printed or Typed

My commission/term expires: 03/11/24

☐ This notarial act involved the use of communication technology.



I understand that if my financial situation changes, I must notify the court immediately.

▶ Michael Ermilio
Signature

MICHAEL ERMILIO
Print or Type Name

AUGUST 24, 1959
Date of Birth

1011 WHITETAIL STREET - APT. 22
Address

RICE LAKE, WI 54868
Email Address

715-651-5040
Telephone Number

4-24-24
Date

CV-410A, 05/20 Petition for Waiver of Fees and Costs – Affidavit of Indigency §§757.675(3), 757.69(2m), and 814.29, Wisconsin Statutes
This form shall not be modified. It may be supplemented with additional material.
Page 2 of 2

CDPU 
CENTRALIZED DOCUMENT PROCESSING UNIT
PO BOX 5234
JANESVILLE WI 53547 5234



**State of Wisconsin**

Case #: ███████

Mailing Date: 09/05/2023

**Great Rivers Consortium**
Toll Free Phone: 1-888-283-0012
Fax Number: 1-855-293-1822
Online at access.wi.gov

███████

MICHAEL ERMILIO
1011 WHITETAIL ST 22
RICE LAKE WI 54868 2094

 The State of Wisconsin is an equal opportunity service provider. This letter contains information that affects your benefits. If you need this material in a different format because of a disability or if you need this letter translated or explained in your own language, please call 1-888-283-0012. These services are free.

# About Your Benefits

This letter tells you about your benefits. If you have a question, please call the agency above. If you would like to get letters like this online instead of by regular mail, please see the Resources and Contact Information section at the end of this letter.

| Which benefit? | Status of your benefits? |
|---|---|
| **Health Care** | There have been no changes to this benefit. |
| FoodShare | Please see Your FoodShare Benefits page for the status of your benefits. |

*If you don't agree with this decision, you have the right to a Fair Hearing. Please see the last page of this letter to learn more. You may also talk with the agency above.*

 # Your FoodShare Benefits

## ✓ Who will get FoodShare and how much?

| When? | How much? | Who is enrolled? | |
|-------|-----------|------------------|---|
| As of Oct. 01, 2023 | $148 / month | TRACY | MICHAEL |

You will get a total of $148.00 each month until there is a change in your case.

## ℹ More Information

**FoodShare**

FoodShare is a monthly benefit that helps you buy nutritious food for good health. You access your FoodShare benefits by using your QUEST card.

If any QUEST card on your account is lost or stolen, you may have to pay a $2.70 fee to replace it. The fee will come out of your FoodShare benefits.

Certain adults between the ages of 18 through 52 with no minor children living in the home may only be able to get three months of time-limited FoodShare benefits in a three-year period that began on January 1, 2022, and continues until December 31, 2024, unless they meet a work requirement or have an exemption. To keep getting FoodShare benefits after the three months, you must meet the work requirement or have an exemption. For a current list of exemptions, go to www.dhs.wisconsin.gov/foodshare/infonotice.htm.

To learn more about your benefits, QUEST card, or the work requirement, please see your Enrollment and Benefits Handbook.

 Wisconsin JobNet is available to you. JobNet is the largest source of job openings in Wisconsin. You can visit the JobNet website at www.dwd.state.wi.us/jobnet/mapWI.htm. Or, you can use touch-screen computers at your local Job Center. To find a Job Center near you, call 1-888-258-9966.

Case 2024CV000150 Document 7    Filed 05-21-2024    Page 1 of 1

**FILED**
**05-21-2024**
**Barron County, WI**
**Sharon Millermon**
**2024CV000150**
**Honorable J. M. Bitney**
**Branch 2**

BY THE COURT:

DATE SIGNED: May 22, 2024

Electronically signed by The Honorable James C Babler
Circuit Court Judge

---

**STATE OF WISCONSIN**                    **CIRCUIT COURT**                    **BARRON COUNTY**

Michael Ermilio vs. Ascend Loans, LLC et al          **Order on Petition for Waiver of Fees and Costs**

                                                                          Case No:

---

**THE COURT FINDS AND ORDERS:**

This petition is

[X] 1. **GRANTED** because the court finds the requestor is currently indigent. The action may be commenced or defended without payment of filing fees, including the electronic filing fee. The sheriff shall serve all necessary documents without payment of service fees. The requestor may be required to pay these fees if the court later determines the requestor has the ability to pay.

[ ] 2. **GRANTED** for waiver of _____. The requestor may be required to pay fees if the court later determines the requestor has the ability to pay.

[ ] 3. **DENIED** because the court finds the requestor is not indigent, but is currently not able to pay filing or service fees. This action may be filed by the Clerk and all necessary documents may be served by the sheriff without prepayment of fees. Such fees must be paid no later than _____.

4. **DENIED** because the court finds:

    [ ] requestor is not indigent. [ ] the allegation of poverty to be untrue.

    [ ] requestor is a prisoner and is required to use form CV-438 or CV-440.

    [ ] requestor has not stated a meritorious claim, defense, or appeal upon which the court may grant relief:

        *[Brief Explanation]* _____

    [ ] Other: _____

DISTRIBUTION:
1. Original- Clerk of Circuit Court

---

FILED
05-21-2024
Barron County, WI
Sharon Millermon
2024CV000150
Honorable J. M. Bitney
Branch 2

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **COUNTY OF BARRON**

---

Michael Ermilio,                                        No. 2024-CV-_____

         Plaintiff,

vs.

Ascend Loans, LLC,
      d/b/a Ascend Loans,

Aaniiih Nakoda Finance, LLC
      d/b/a Bright Lending,

Big Picture Loans, LLC,
      d/b/a  Big Picture Loans,
      a wholly-owned and operated entity, arm, and instrumentality of the Lac Vieux Desert Bank
      of Lake Superior Indians,

Benhti Economic Development Corporation,
      d/b/a Minto Money, and Minto Financial,

Rosebud Lending,
      d/b/a Zocal Loans,
      a wholly-owned and operated entity, arm, and instrumentality of the Rosebud Sioux Tribe
      of Indians,

         Defendants.

---

## SUMMONS

---

### THE STATE OF WISCONSIN
### TO EACH PERSON OR ENTITY NAMED ABOVE AS A DEFENDANT

You are hereby notified that the Plaintiff named above have filed a lawsuit or other legal action against you.  The complaint, which is attached, states the nature and basis of the legal action.

-1-

Within **twenty (20) days** of receiving this summons, you must respond with a written answer to the complaint, as the term is used in chapter 802 of the Wisconsin Statutes.  The court may reject or disregard an answer that does not follow the requirements of  the statutes.  The answer must be electronically filed, or sent or delivered to the court, whose address is

Clerk of Circuit Court,
Barron County Justice Center
1420 State Hwy 25 North
Barron, Wisconsin 54812

and a copy sent or delivered to Plaintiff's attorney, whose address is

Eric L. Crandall, Esq.,
Crandall Law Firm, SC,
421 West Second Street,
PO Box 27,
New Richmond, WI 54017

You may have an attorney help or represent you.

If you do not provide a proper answer within **twenty (20) days**, the court may grant judgment against you for the award of money or other legal action requested in the complaint, and you may lose your right to object to anything that is or may be incorrect in the complaint.  A judgment may be enforced as provided by law.  A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.


DATED: May 21, 2024                                   Electronically signed by Eric Crandall
                                                      Eric L. Crandall, Esq.
                                                      **CRANDALL LAW FIRM, SC**
                                                      421 West Second Street
                                                      PO Box 27
                                                      New Richmond, WI 54017
                                                      715-243-9996 (p)
                                                      WisconsinConsumerLaw@frontier.com
                                                      Wis. Attorney Lic. No. 1001833

                                                      **ATTORNEY FOR PLAINTIFF**

FILED
05-21-2024
Barron County, WI
Sharon Millermon
2024CV000150
Honorable J. M. Bitney

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **COUNTY OF BARRON**

Michael Ermilio,                                    No. 2024-CV-_____

        Plaintiff,

vs.

Ascend Loans, LLC,
      d/b/a Ascend Loans,

Aaniiih Nakoda Finance, LLC
      d/b/a Bright Lending,

Big Picture Loans, LLC,
      d/b/a  Big Picture Loans,
      a wholly-owned and operated entity, arm, and instrumentality of the Lac Vieux Desert Bank
      of Lake Superior Indians,

Benhti Economic Development Corporation,
      d/b/a Minto Money, and Minto Financial,

Rosebud Lending,
      d/b/a Zocal Loans,
      a wholly-owned and operated entity, arm, and instrumentality of the Rosebud Sioux Tribe
      of Indians,

        Defendants.

## COMPLAINT AND DEMAND FOR JURY TRIAL

## I. INTRODUCTION

1.      This is an action brought by Michael Ermilio ("Ermilio") seeking redress for violations of

the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ( "FCRA"), committed by the

defendants listed above.

-3-

2.    As alleged and discussed below, substantial amounts of Ermilio's non public personal identifying information ("PII"), and substantial amounts of his non public personal financial information ("PFI"), has been obtained by each of the above defendants without Ermilio's express permission, and has subsequently been disclosed to, marketed to, and sold to various lenders and to others, by each defendant without Ermilio's express permission, and contrary to state and federal law.

3.    As alleged and discussed below, each defendant has assembled Ermilio's non public PII and PFI into a "consumer file" as defined by the FCRA, or "credit report" in common usage.

4.    As alleged and discussed below, each defendant has acted as a "consumer reporting agency" as defined by the FCRA, or "credit bureau" in common usage, when each defendant disclosed, market and or sold Ermilio's non public PII and PFI to various potential lenders and to other third parties.

5.    Ermilio seeks recovery of his actual damages, statutory and punitive damages as allowed by law, and his reasonably incurred costs and attorney fees.

6.    Ermilio also seeks all appropriate declaratory and injunctive relief.

## II.  JURISDICTION

7.    This court has subject matter jurisdiction over Ermilio's claims, under Wis. Stat. § 801.04 (general jurisdiction), as well as 15 U.S.C. §1681p (FCRA jurisdiction).

8.    Each defendant is subject to personal jurisdiction in Wisconsin courts including this court. At all material times each defendant directed its tortious and illegal conduct towards Wisconsin residents including Ermilio. At all material times each defendant unlawfully obtained information about Wisconsin residents including Ermilio. At all material times each

defendant knowingly caused losses, damages, and injuries to Wisconsin residents including Ermilio. At all material times each defendant engaged in substantial business activities within Wisconsin including attempting to broker loans to Wisconsin residents including Ermilio, and also selling the PII and PFI of Wisconsin residents to third parties. At all material times each defendant engaged in the solicitation of Wisconsin residents for loan brokering services, including Ermilio.

9.     Venue is appropriate under Wis. Stat. § 801.50, as a substantial part of the acts, errors and omissions giving rise to the claims asserted by Ermilio arose in this county, Ermilio suffered harm within this county, and is in any event the county designated by Ermilio per Wis. Stat. § 801.502)(d).

## III.  PARTIES

**Michael Ermilio**

10.     Plaintiff Michael Ermilio is an individual residing in Barron County, Wisconsin.

11.     While Ermilio is of normal intelligence, he lacks advanced sophistication in the specific businesses of high interest loan lead generation, high interest loan marketing, high interest loan brokering,  and credit reporting.

13.     Ermilio was and is a  "consumer"  as defined by 15 U.S.C. § 1681a( c ).

**Defendants**

14.     Each defendant is a company or other entity incorporated under non Wisconsin law.

15.     No defendant is qualified to conduct business in Wisconsin, or to conduct business with Wisconsin residents.

16.   Each defendant obtains credit reports of Wisconsin consumers, regularly arranges or brokers consumer loans made at high interest to high interest lenders, and receives payment for arranging or brokering those loans.

17.   Each defendant regularly sells leads of and to Wisconsin consumers interested in high interest loans, to potential high interest lenders, and receives payment from these lenders for the sale of these leads.

18.   Each defendant regularly sells leads of and to Wisconsin consumers interested in high interest loans, to other persons, and receives payment from these persons for the sale of these leads.

19.   Each defendant regularly purchases leads of and to Wisconsin consumers interested in high interest loans, from licensed and unlicensed loan brokers, from lenders, and from others.

20.   These leads all contain Ermilio's non public PII, PFI, credit report information and credit scores.

21.   Each defendant is a sophisticated business, operating throughout the United States including in Wisconsin.

22.   No defendant is licensed by the Wisconsin Department of Financial Institutions to make loans to Wisconsin residents, per Wis. Stat. §§ 138.09 & .14.

23.   No defendant is licensed by the Wisconsin Department of Financial Institutions to broker loans to Wisconsin residents, per Wis. Stat. § 422.502.

24.   Each defendant was and is a "person" as defined by the FCRA, 15 U.SC. § 1681a(b), and is restricted by the FCRA as to its acquisition, safeguarding, dissemination, and eventual destruction of information from credit reports, including any credit report regarding Ermilio.

25.   Each defendant was and is a "credit services agency" as defined by Wis. Stat. §
      422.501(2)(a).

26.   Per the "Terms of Use" or other similar section of each defendant's respective website, each
      defendant acknowledges that it regularly arranges or obtains consumer loans for those who
      apply for credit.

27.   Per the contracts it signs with other persons, each defendant acknowledges that it regularly
      arranges or obtains consumer loans for those who apply for credit.

28.   Because each defendant regularly arranges, brokers or obtains consumer loans for Wisconsin
      consumers made at high interest, each defendant would otherwise be a credit services
      organization ("CSO") as defined by Wis. Stat. § 425.501(2).

29.   Each defendant was formerly immune from suits under consumer protection laws, per
      binding 7th Circuit precedent. *Meyers v. Oneida Tribe of Indians of Wisconsin*, 836 F.3d 818,
      827 (7th Cir. 2016)(under the FCRA, "The Tribe has sovereign immunity ...").

30.   However, this immunity to suits under the FCRA and other consumer protection statutes was
      abrogated last fall, when the decision in *Lac du Flambeau Band of Lake Superior Chippewa
      Indians*, 143 S. Ct. 1689 (U.S. 2023) became final.  See also *Department of Ag. Rural Dev.
      v. Kirtz,* 144 S. Ct. 457 (U.S. Feb. 8, 2024)(Governmental units not immune to claims under
      the FCRA).

31.   Each defendant is liable for the acts of its employees, agents, and independent contractors
      under theories of respondeat superior, agency, and vicarious liability.

32.   As businesses conducting their affairs within the United States generally, and Wisconsin
      specifically, each defendant at all times is deemed to know what is lawful and what is
      unlawful under US and Wisconsin law.  *Barlow v. United* States, 8 L. Ed. 728
      (1833)("ignorance of the law will not excuse any person, either civilly or criminally"); *Atkins*

*v. Parker,* 472 U.S. 115, 130 (1985)("all citizens are presumptively charged with knowledge of the law"); *Putnam v. Time Warner Cable of Southeastern Wisconsin, LP,* 2002 WI 108, ¶ 13 & footnote 4, 255 Wis.2d 447, 458 (Wis. 2002)("Wisconsin has adopted the mistake of law doctrine").

## IV.  FACTUAL ALLEGATIONS

### Claims of Michael Ermilio

33.   When Michael Ermilio obtained his March 1, 2024 Experian and his February 26, 2024 Clarity consumer credit reports and files, he learned that each defendant had separately accessed his Experian and Clarity consumer credit reports and files multiple times

34.   Ascend Loans accessed the Experian report on November 19, 2023 (twice) and the Clarity report also on November 19, 2023.

35.   Bright Lending accessed the Experian report on November 19, 2023 (twice) and the Clarity report also on November 19, 2023.

36.   Eagle Valley accessed the Experian report on November 19, 2023 (twice) and the Clarity report also on November 19, 2023.

37.   Minto Money accessed the Experian report on November 19, 2023 (twice) and the Clarity report also on November 19, 2023.

38.   Zocal Loans accessed the Clarity report on August 4, 2022.

39.   The information assembled by Experian and Clarity about Ermilio constitutes a "consumer report" under the FCRA, as the information is used for and bears "on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation personal characteristics or mode of living ..." 15 U.S.C. § 1681a(d)(1).

40.  The information assembled by Experian and Clarity about Ermilio constitutes a "consumer report" under the FCRA, as the information is assembled and is used "for the purpose of furnishing consumer reports to third parties ..."  15 U.S.C. § 1681a(d)(1).

41.  The information about Michael Ermilio, held by and released by Experian and Clarity to Michael Ermilio, constituted a "consumer report" under the FCRA. 15 U.S.C. § 1681a(d)(1).

42.  The information about Michael Ermilio, requested by and obtained by various entities including defendants, constituted a "consumer report" under the FCRA. 15 U.S.C. § 1681a(d)(1).

43.  Experian and Clarity are "consumer reporting agenc[ies]" under the FCRA, as "for monetary fees" Experian and Clarity "regularly engage[s] in ... the practice of assembling or evaluating consumer credit information or other information on consumers ..."  15 U.S.C. § 1681a(f).

44.  Experian and Clarity create, generate and produce consumer credit reports and files on a regular basis, and derives the information in these reports and files from large amounts of information it collects and maintains on individuals like Michael Ermilio in a data base called a consumer file.

45.  For example, the consumer credit reports and files produced by Experian and Clarity reports each run to 12 pages, and is full of vast amounts of personal identifiable information ("PII") and personal financial information ("PFI"), including but not limited to his name, address, and social security number, his credit score as compiled by Experian and Clarity, as well as his financial transaction history.

46.  Ermilio has never applied for credit with any defendant, nor has Ermilio ever authorized any defendant to access, download, obtain or view his Experian and Clarity consumer credit report and file.

47.     Ermilio has never authorized any defendant to access, download, obtain or view his consumer credit report and file as maintained by any other consumer reporting agency.

48.     Each time each defendant accessed Michael Ermilio's Experian and Clarity consumer credit report and file, it obtained large amounts of his personal identifiable information ("PII") and personal financial information ("PFI"), including but not limited to his name, address, and social security number, as well as his credit score and financial transaction history.

49.     Each defendant accessed and then redislosed, shared, sold on, or bartered Michael Ermilio's Experian and Clarity consumer credit report and file to third parties, transferring large amounts of his personal identifiable information ("PII") and personal financial information ("PFI"), including but not limited to his name, address, and social security number, as well as his credit score and financial transaction history.

50.     All defendants are required by state and federal law including the FCRA to adopt and maintain procedures designed to both protect consumer credit information and to limit its obtainment as well as its dissemination  to proper parties.

51.     No defendant has adopted nor maintained procedures adequately designed to both protect consumer credit information and to limit its obtainment as well as its dissemination  to proper parties.

52.     All defendants are prevented by state and federal law including the FCRA from releasing Michael Ermilio's consumer credit report and file to third parties absent a permissible purpose under the FCRA, 15 U.S.C. §§ 1681b(a)(1 through 6) and (f).

53.     None of the circumstances listed in 15 U.S.C. § 1681b(a)(1 through 6) are present here, as, there is no "credit transaction" or "credit application" initiated by Michael Ermilio, and no "business transaction" was initiated by Michael Ermilio.

54.   The initiation of a "credit transaction" or "credit application"  or "business transaction" by a third party is not a permissible purpose under the FCRA.

55.   All defendants are  required by the FCRA to adopt and maintain procedures designed to limit and restrict its access to consumer credit information, except where a permissible purpose to access the information exists.  15 U.S.C. § 1681b(f).

56.   The referenced inquiries have become a permanent component of Michael Ermilio's credit report and file and is reported to those who ask to review the credit history of Michael Ermilio.

57.   Each defendant agreed and represented in its agreements with the various credit reporting agencies that each would request and use consumer reports and files which were obtained from said agencies only for purposes which are lawful under the FCRA as defined under §1681b.

58.   Each defendant was and is  required by §§ 1681b, 1681n, and 1681q to refrain from obtaining consumer reports and files and files from credit reporting agencies under false pretenses, or without a legal basis.

59.   At no time material hereto did Michael Ermilio ever have a relationship with any defendant of the kind specified  under  §1681b(a)(3)(A) - (F).

60.   Michael Ermilio has never given written instructions to any defendant  to access, download, obtain, review and/or release to a third party a consumer report and file of which Ermilio was the subject.

61.   No defendant  has ever been ordered by a court of competent jurisdiction to obtain or release a copy of Michael Ermilio's consumer credit report and file pursuant to § 1681b(1).

62.   All defendants have  an affirmative duty to follow reasonable procedures, including those that would prevent the impermissible accessing of consumer credit reports and files.

63. Reasonable procedures for users include restricting the ability of each defendants agents, contractors, and employees to obtain or release consumer credit report and files on consumers for any impermissible purpose.

64. Ascend Loans's illegal, unlawful, and impermissible acquisition, dissemination, and / or redisclosure of Michael Ermilio's consumer credit report and file violates Michael Ermilio's privacy rights under state and federal law including the FCRA.

65. Bright Lending's illegal, unlawful, and impermissible acquisition, dissemination, and / or redisclosure of Michael Ermilio's consumer credit report and file violates Michael Ermilio's privacy rights under state and federal law including the FCRA.

66. Eagle Valley's illegal, unlawful, and impermissible acquisition, dissemination, and / or redisclosure of Michael Ermilio's consumer credit report and file violates Michael Ermilio's privacy rights under state and federal law including the FCRA.

67. Minto Money's illegal, unlawful, and impermissible acquisition, dissemination, and / or redisclosure of Michael Ermilio's consumer credit report and file violates Michael Ermilio's privacy rights under state and federal law including the FCRA.

68. Zocal Loans's illegal, unlawful, and impermissible acquisition, dissemination, and / or redisclosure of Michael Ermilio's consumer credit report and file violates Michael Ermilio's privacy rights under state and federal law including the FCRA.

69. Because credit inquiries lower a persons credit score, the actions of each defendant have impaired Michael Ermilio's future access to credit.

70. Ermilio's agent wrote each defendant, asking for the reasons each defendant accessed her Clarity and Experian consumer credit reports and files.

71. Each defendant acknowledged receipt of the investigatory letters, but otherwise did not meaningfully respond.

72.   As a result of the actions and omissions of each defendant, Michael Ermilio has suffered damages including emotional distress, loss of privacy, mental anguish, fear, anger, frustration, embarrassment and other damages.

73.   The damages Ermilio suffered as a result of the actions and omissions of each defendant are directly traceable to the conduct of each defendant, and are likely to be redressed by a favorable decision in this action.

## V.  CAUSES OF ACTION

## COUNT 1.   FAIR CREDIT REPORTING ACT

74.   Michael Ermilio incorporates by reference all the foregoing paragraphs.

75.   Each defendant  willfully and/or recklessly violated provisions of the Fair Credit Reporting Act.  These  violations include, but are not limited to the following:

   (a)   Each defendant violated 15 U.S.C. §1681b(f) by willfully obtaining multiple copies of Michael Ermilio's Experian and Clarity consumer credit reports and files without a permissible purpose under the FCRA.

   (b)   Each defendant violated 15 U.S.C. §1681b(f) by willfully disclosing information from Michael Ermilio's Experian and Clarity consumer credit reports and files to third parties without a permissible purpose under the FCRA.

76.   As a result of the above violations of the FCRA, each defendant is separately liable to Michael Ermilio in the sum of Michael Ermilio' actual damages, statutory punitive damages, costs, disbursements, and reasonable attorney's fees.

## VI.  REQUEST FOR RELIEF

77.     **WHEREFORE**, Michael Ermilio respectfully requests that separate judgments be entered against each defendant as follows:

**Count 1**     (a)     actual damages;

           (b)     statutory damages;

           (c)     punitive damages;

           (d)     costs and reasonable attorney's fees; and

           (e)     such other and further relief as the court deems just and equitable.

## VII.  DEMAND FOR TRIAL BY JURY

78.     Michael Ermilio hereby demands that, to the extent provided by the United States and Wisconsin Constitutions, United States and Wisconsin Statutes, and United States and Wisconsin Common Law,  these claims be determined by a jury of his peers.


DATED: May 21, 2024                     Electronically signed by Eric Crandall
                                        Eric L. Crandall, Esq.
                                        **CRANDALL LAW FIRM, SC**
                                        421 West Second Street
                                        PO Box 27
                                        New Richmond, WI 54017
                                        715-243-9996 (p)
                                        WisconsinConsumerLaw@frontier.com
                                        Wis. Attorney Lic. No. 1001833

                                        **ATTORNEY FOR PLAINTIFF**

-14-

FILED
06-20-2024
Barron County, WI
Sharon Millermon
2024CV000150

**STATE OF WISCONSIN**      **CIRCUIT COURT**      **COUNTY OF BARRON**

Michael Ermilio,                              No. 2024-CV-150 (br. 2)

                Plaintiff,

vs.

Big Picture Loans, LLC,
        d/b/a  Big Picture Loans,
        a wholly-owned and operated entity, arm, and instrumentality of the Lac Vieux Desert Bank
        of Lake Superior Indians,

                Defendant.

## NOTICE OF DISMISSAL

The plaintiff through his attorney and pursuant to Wis. Stat. § 805.04(1), hereby notices the dismissal of Big Picture Loans, LLC as a party in this suit, with prejudice.   The remaining parties are **NOT** dismissed with this notice.

DATED: June 20, 2024            electronically signed by Eric Crandall
                                     Eric L. Crandall, Esq.
                                     **CRANDALL LAW FIRM, SC**
                                     421 West Second Street
                                     PO Box 27
                                     New Richmond, WI 54017
                                     715-243-9996
                                     WisconsinConsumerLaw@frontier.com
                                     Wis. Attorney Lic. No. 1001833

                                     **ATTORNEY FOR PLAINTIFF**

**FILED**
**06-20-2024**
**Barron County, WI**
**Sharon Millermon**
**2024CV000150**

**STATE OF WISCONSIN**          **CIRCUIT COURT**          **COUNTYOF BARRON**

Michael Ermilio,

                                                            No. 2024-CV-150 (br. 2)

                    Plaintiff,

vs.

Big Picture Loans, LLC,
          d/b/a    Big Picture Loans,
          a wholly-owned and operated entity, arm, and instrumentality of the Lac Vieux Desert
          Bank of Lake Superior Indians,

                    Defendant.

## ORDER

    The above-referenced matter came before the undersigned upon the plaintiff's request for

dismissal of Big Picture Loans, LLC as a party to this action, with prejudice.    Based upon the

notice signed by plaintiff's counsel, the Court makes the following **ORDER:**

1.    Pursuant to Wis. Stat. **'** 805.04, Big Picture Loans, LLC is dismissed as a party to this

      action, with prejudice, without an award of costs or fees to any party.

2.    The remaining parties are **NOT** dismissed.

                    *********************

FILED
06-21-2024
Barron County, WI
Sharon Millermon
2024CV000150

**DATE SIGNED: June 21, 2024**

<u>Electronically signed by The Honorable James C Babler</u>
Circuit Court Judge

| | | |
|---|---|---|
| **STATE OF WISCONSIN** | **CIRCUIT COURT** | **COUNTY OF BARRON** |

---

Michael Ermilio,

No. 2024-CV-150 (br. 2)

               Plaintiff,

vs.

Big Picture Loans, LLC,
      d/b/a   Big Picture Loans,
a wholly-owned and operated entity, arm, and instrumentality of the Lac Vieux Desert
Bank of Lake Superior Indians,

               Defendant.

---

## ORDER

---

The above-referenced matter came before the undersigned upon the plaintiff's request for

dismissal of Big Picture Loans, LLC as a party to this action, with prejudice.   Based upon the

notice signed by plaintiff's counsel, the Court makes the following **ORDER:**

1.      Pursuant to Wis. Stat. ' 805.04, Big Picture Loans, LLC is dismissed as a party to this

      action, with prejudice, without an award of costs or fees to any party.

2.      The remaining parties are **NOT** dismissed.

                           \*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

FILED
06-21-2024
Barron County, WI
Sharon Millermon
2024CV000150

| STATE OF WISCONSIN | CIRCUIT COURT | BARRON COUNTY |
|---|---|---|

Michael Ermilio vs. Ascend Loans, LLC et al

**Notice of Assignment
of Judge**

Case No. 2024CV000150

The following judge has been assigned to this case:

Samuel Lawton
SLL Check Monitor & Posted Calendar for Courtroom
1420 State Hwy 25 North, Barron County Justice Center
Barron WI 54812

Please note:

- **All original court pleadings must be filed with the Clerk of Circuit Court for Barron County.**

- If assignment is an out-of-county judge, access to the records should be provided to the assigned judge.

- All scheduling should be done by the assigned judge.

- Other: New appointed/elected Judge to Branch 2

Barron County Circuit Court
Date: June 21, 2024

| DISTRIBUTION: | Address | Service Type |
|---|---|---|
| Court | | |
| Eric Leighton Crandall | | Electronic |
| Aaniiih Nakoda Finance, LLC, d/b/a Bright Lending | PO Box 578, Hays, MT 59527 | Mail |
| Ascend Loans, LLC | 635 East Highway 20, Upper Lake, CA 95485 | Mail |
| Benhti Economic Development Corporation, d/b/a Minto Money | PO Box 58112, Minto, AK 99758 | Mail |
| Rosebud Lending, d/b/a Zocal Loans | 27565 Research Park Drive, PO Box 1147, Mission, SD 57555 | Mail |

GF-144(CCAP), 02/17 Notice of Assignment of Judge
This form shall not be modified. It may be supplemented with additional material.
Page 1 of 1
§ 801.59, Wisconsin Statutes

FILED
07-19-2024
Barron County, WI
Sharon Millermon
2024CV000150

# AFFIDAVIT - RETURN OF SERVICE

MICHAEL ERMILLIO

    Plaintiff(s),

vs.

ASCEND LOANS, LLC, ET AL.

    Defendant(s).

Case Number: 2024CV000150

_____ )

    I solemnly swear or affirm that on 7/1/2024, at 9:10 AM, I served the following documents:

SUMMONS, COMPLAINT AND DEMAND FOR JURY TRIAL, ELECTRONIC FILING NOTICE

upon the therein named BENHTI ECONOMIC DEVELOPMENT CORPORATION at 100 CUSHMAN STREET, #306, FAIRBANKS, ALASKA 99701, by handing and leaving a true and correct copy with KEITH CHARLIE.

JENNIFER SNELL
Civilian Process Server

SUBSCRIBED AND SWORN to or affirmed before me this July _18_, 2024 in Anchorage, Alaska.

Client:          CRANDALL LAW FRIM, SC
Client Contact:  ERIC LEIGHTON CRANDALL
File Number:    PAID $362.20 MONEY ORDER # 29223584425

Notary Public in and for the State of AK
My Commission Expires:  5/29/2028

**North Country Process, Inc.**
**P.O. Box 101126**
**Anchorage, Alaska 99510**
**Office: (907) 274-2023**
**Fax Line: (907) 274-2823**

NCPI@alaska.net

**Return No.: 229106**

SHON K. GUSTIN
NOTARY PUBLIC
STATE OF ALASKA

Total Service Fees:        $78.00

**STATE OF WISCONSIN**     **CIRCUIT COURT**     **BARRON COUNTY**

---

Michael Ermilio vs. Ascend Loans, LLC et al     **Electronic Notice**
**Status Change**

Case No: 2024CV000150

---

ASCEND LOANS, LLC
635 EAST HIGHWAY 20
UPPER LAKE CA 95485

For 2024CV000150, the electronic notice preference for Eric Lochen, Wisconsin attorney for Benhti Economic Development Corporation, d/b/a Minto Money and Rosebud Lending, d/b/a Zocal Loans, has changed.

Eric Lochen has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 715-537-6265.

Barron County Circuit Court
Date: July 19, 2024

This form shall not be modified. It may be supplemented with additional material.

**STATE OF WISCONSIN**       **CIRCUIT COURT**       **BARRON COUNTY**

Michael Ermilio vs. Ascend Loans, LLC et al          **Electronic Notice**
                                                      **Status Change**

                                                      Case No: 2024CV000150

AANIIIH NAKODA FINANCE, LLC, D/B/A BRIGHT LENDING
PO BOX 578
HAYS MT 59527

For 2024CV000150, the electronic notice preference for Eric Lochen, Wisconsin attorney for Benhti Economic Development Corporation, d/b/a Minto Money and Rosebud Lending, d/b/a Zocal Loans, has changed.

Eric Lochen has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 715-537-6265.

                                    Barron County Circuit Court
                                    Date: July 19, 2024

This form shall not be modified. It may be supplemented with additional material.

**STATE OF WISCONSIN**  **CIRCUIT COURT**  **BARRON COUNTY**

---

Michael Ermilio vs. Ascend Loans, LLC et al

**Electronic Notice
Status Change**

Case No: 2024CV000150

---

BIG PICTURE LOANS, LLC
E23970 POW WOW TRAIL
PO BOX 704
WATERSMEET MI 49969

For 2024CV000150, the electronic notice preference for Eric Lochen, Wisconsin attorney for Benhti Economic Development Corporation, d/b/a Minto Money and Rosebud Lending, d/b/a Zocal Loans, has changed.

Eric Lochen has registered as an electronic notice party and has agreed to file any documents and receive all communications from the court for this case electronically. You will no longer need to provide traditional paper documents to this party, unless the party has an attorney who has filed a limited notice of appearance and this party is receiving limited scope representation. You still need to provide traditional paper documents to the court and any other parties who are not electronically filing.

If you have any questions regarding this notice, please contact our office at 715-537-6265.

Barron County Circuit Court
Date: July 19, 2024

This form shall not be modified. It may be supplemented with additional material.

FILED
07-19-2024
Barron County, WI
Sharon Millermon
2024CV000150

**STATE OF WISCONSIN**         **CIRCUIT COURT**         **COUNTY OF BARRON**

Michael Ermilio,

      Plaintiff,

                                                  Case No. 2024CV000150

v.

Ascend Loans, LLC,
Aaniiih Nakoda Finance, LLC,
Big Picture Loans, LLC,
Benhti Economic Development Corporation, and
Rosebud Lending,

      Defendants.

---

## NOTICE OF APPEARANCE

---

        COMES NOW, Eric M. Lochen, Esq., of the law firm Lochen Law Offices, PLLC, and enters his appearance as counsel for defendants, Benhti Economic Development Corporation and Rosebud Lending.

Dated this 19th day of July, 2024.

                                     Respectfully submitted,

                                      */s/ Eric Lochen*
                                      Eric M. Lochen, Esq.
                                      Lochen Law Offices, PLLC
                                      P.O. Box 174
                                      Hartland, WI 53029
                                      Phone: (218) 308-1076
                                      Email: eric@lochenlaw.com
                                      Wis. Atty. Lic. No. 1094919
                                      *Attorneys for Benhti Economic Development Corporation and Rosebud Lending*

Case 2024CV000162    Document 15    Filed 07-19-2024    Page 2 of 2

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on July 19, 2024, I electronically filed the foregoing with the Clerk of the Court using the Wisconsin Circuit Court eFiling System, which will send a notice of this filing to all registered participants.

*/s/  Eric Lochen*
Attorney