IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

MICHAEL ERMILIO,

    Plaintiff,                                                             ORDER

    v.                                                                    24-cv-494-wmc

ASCEND LOANS, LLC, AANIIH NAKODA FINANCE, LLC,
BIG PICTURE LOANS, LLC, BENHTI ECONOMIC
DEVELOPMENT CORPORATION and ROSEBUD LENDING,

    Defendants.
_____

In a previous order, the court dismissed this case brought under the Fair Credit Reporting Act after all parties conceded that defendants were immune to the claims under the doctrine of tribal sovereign immunity. (Op. & Order (dkt. #28).) Plaintiff has now filed a motion for reconsideration (dkt. #30), arguing that the court erred by granting the defendants' motion to dismiss before resolving plaintiff's previously-filed motion to remand the case to state court. Plaintiff had argued in his motion to remand that the case was improperly removed because defendant Benhti Economic Development Corp. had failed to obtain preremoval consent from defendant Ascend Loans.

But plaintiff cites no authority to support his argument that the court was required to resolve his motion to remand before resolving defendants' motion to dismiss on sovereign immunity grounds. Unlike the numerous cases cited by plaintiff in his brief (Plt.'s Br. (dkt. #30) 3–4), plaintiff's motion to remand raised no arguments about subject matter jurisdiction. Rather, the requirement that all defendants join in removal "is not a jurisdictional defect," but is merely procedural. *Midlock v. Apple Vacations W., Inc.*, 406 F.3d 453, 455 (7th Cir. 2005);

*see also Pettitt v. Boeing Co.*, 606 F.3d 340, 342 (7th Cir. 2010) ("a defect in removal" is "merely a procedural defect.")  When there are multiple motions pending that would bar a case from being heard in federal court, the court has leeway "to choose among threshold grounds for denying audience to a case on the merits."  *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007).  Here, the court had authority to address the question of sovereign immunity before considering plaintiff's arguments about procedural defects in the removal motion.  Therefore, his motion will be denied.

ORDER

IT IS ORDERED that plaintiff Michael Ermilio's motion for reconsideration (dkt. #30) is DENIED.

Entered this 18th day of September, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge